**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ROBBIN CLARK, individually and as next friend of G.W., a minor, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Case No. 6:25-cv-161-JDK-KNM |
| WHITEHOUSE INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Whitehouse Independent School District's motion to dismiss.  Docket No. 5.

Plaintiff Robbin Clark, proceeding pro se, filed this lawsuit against Defendant, asserting violations of the Individuals with Disabilities Education Act ("IDEA"), the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and Texas state law. Docket No. 1.  The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On January 16, 2026, Judge Mitchell issued a Report and Recommendation recommending that the Court grant Defendant's motion to dismiss (Docket No. 5) in part.  Docket No. 10.  Judge Mitchell recommended that the Court dismiss all of Plaintiff's claims, except the ADA and Rehabilitation Act failure-to-accommodate claims for compensatory damages.  *Id.*  Defendant filed written objections to the

1

Magistrate Judge's Report.  Docket No. 11.  Plaintiff timely responded to Defendant's written objections.  Docket No. 12.

When a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo.  28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

## I.

Defendant objects to the Magistrate Judge's recommendation regarding Plaintiff's failure-to-accommodate claims for three reasons:  (1) Plaintiff did not state a claim for intentional discrimination; (2) Plaintiff did not plead facts sufficient to show that Defendant knew of the disability and its consequential limitations; and (3) Plaintiff did not plead sufficient facts to show that Defendant failed to make reasonable accommodations.  Docket No. 11.

When considering a motion to dismiss, courts must construe all well-pleaded facts in the light most favorable to the plaintiff.  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted).  Moreover, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

To state a failure-to-accommodate claim under the ADA and Rehabilitation Act, a plaintiff must plead that "(1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations." *Ball v. LeBlanc*, 792 F.3d 584, 596 n.9 (5th Cir. 2015).

## A.

Defendant first objects that, because the Magistrate Judge recommended dismissal of Plaintiff's intentional discrimination claims, the Magistrate Judge should have also recommended dismissing Plaintiff's failure-to-accommodate claims for compensatory damages. Docket No. 11 at 2–3.

However, a failure-to-accommodate claim requires a plaintiff to plead only that the defendant had "actual knowledge that an accommodation is necessary." *J.W. v. Paley*, 81 F.4th 440, 450 (5th Cir. 2023). And, here, Plaintiff alleged that Defendant had such knowledge, as set forth below.

Accordingly, the Court overrules Defendant's first objection.

**B.**

Next, Defendant argues that Plaintiff's failure-to-accommodate claims should be dismissed because Plaintiff failed to plead the second element—that "the disability and its consequential limitations were known by the covered entity." *Ball*, 792 F.3d at 596 n.9. Specifically, Defendant argues that Plaintiff did not plead facts demonstrating the nature of her grandchild's disability,[1] the specific limitations resulting from that disability, or that Plaintiff communicated the disability or limitations to Defendant. Docket No. 11 at 3–5. Defendant further argues that Plaintiff did not sufficiently plead that the disability and limitations were "open, obvious, and apparent" to Defendant, such that Plaintiff would not have needed to communicate the disability and limitations to Defendant. *Id.*

Construing Plaintiff's complaint liberally, however, the Court finds that Plaintiff adequately alleged the second element by alleging that she or her grandchild made his disability and its resulting limitations known to Defendant. *See* Docket No. 1 at ¶¶ 2, 7–8, 11–12; *see Iqbal*, 556 U.S. at 679. For example, Plaintiff alleged that Defendant participated in Admission, Review, and Dismissal ("ARD") meetings and knew of and established educational accommodations for Plaintiff's grandchild through an Individualized Education Program ("IEP"). Docket No. 10 at 22–23; Docket No. 1 at ¶¶ 2, 7–8, 11–12. Participating in ARD meetings is an inherently

---

[1] To the extent Defendant now argues that Plaintiff's complaint fails to establish the "qualified individual" element of her failure-to-accommodate claims, such an argument is untimely, as it was not raised in Defendant's motion to dismiss. *See Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994) ("By waiting until after the magistrate court had issued its findings and recommendations" to raise arguments, "[the objecting party] has waived [its] objections."); s*ee also Herod v. DMS Sols., Inc.*, No. 4:23-CV-04465, 2024 WL 4140613, at *1 (S.D. Tex. Sept. 10, 2024) (collecting cases).

collaborative process involving discussions about the nature of a student's disability, the resulting limitations, and the reasonable accommodations needed. Docket No. 10 at 22–23. During one of these meetings, a representative of Defendant allegedly asserted that Plaintiff's grandchild's "emotional reactions justified denial of *requested* educational services." Docket No. 1 at ¶ 12 (emphasis added). This suggests that Plaintiff or her grandchild did in fact request accommodations from Defendant.

The Court overrules Defendant's second objection.

## C.

Finally, Defendant argues that Plaintiff did not plead sufficient facts to state the third element of her failure-to-accommodate claims: that Defendant failed to make reasonable accommodations. *See Ball*, 792 F.3d at 596 n.9. This objection, however, is dependent on the second objection—that Plaintiff did not allege she requested an accommodation. Docket No. 11 at 5. Because the Court overruled that objection, this objection likewise fails.

## III.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Defendant's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 10) as the opinion of this Court. Defendant's Motion to Dismiss (Docket No. 5) is therefore **GRANTED in part** and **DENIED in part**.

Defendant's motion is **DENIED** as to Plaintiff's ADA and Rehabilitation Act failure-to-accommodate claims for compensatory damages. Defendant's motion is **DENIED as moot** as to claims under 42 U.S.C. § 1983 and for punitive damages, neither of which is included in Plaintiff's complaint.

Defendant's motion is **GRANTED** as to Plaintiff's remaining claims. Accordingly, Plaintiff's claims under the IDEA, Texas state law, and any ADA and Rehabilitation Act claims for equitable relief are **DISMISSED without prejudice** for failure to exhaust administrative remedies. Plaintiff's ADA and Rehabilitation Act intentional discrimination claims, for which Plaintiff seeks compensatory damages, are **DISMISSED with prejudice** for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

So **ORDERED** and **SIGNED** this **20th** day of **March, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE